**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: CREDIT DEFAULT SWAPS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: All Actions | No. 13-md- 2476 (DLC) |

**THE CDS INSTITUTIONAL INVESTOR GROUP'S**
**APPLICATION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPOINTMENT OF ENTWISTLE & CAPPUCCI LLP AND KAPLAN FOX &**
**KILSHEIMER LLP AS INTERIM CO-LEAD CLASS COUNSEL**

EC.53628.1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................ 4

II.     ARGUMENT ...................................................................................................... 7

        A.      The Members Of The CDS Institutional Investor Group Are Best-Suited
                To Act As Lead Plaintiffs In This Case .................................................. 7

        B.      E&C And Kaplan Fox Will Most Adequately Represent The Proposed
                Class And Most Efficiently Prosecute The Claims Alleged ................................. 8

                1.      Appointment of Interim Class Counsel Under Rule 23(g) is
                        Appropriate ................................................................................. 9

                2.      E&C and Kaplan Fox are the Most Adequate Counsel Under Rule
                        23(g)'s Mandatory Criteria ........................................................... 9

                        a.      Rule 23(g)(1)(A)(i): E&C and Kaplan Fox thoroughly
                                investigated plaintiffs' claims in this matter, actively
                                participated in the JPML process and successfully argued
                                for transfer of the related CDS Actions to this Court ................. 11

                        b.      Rule 23(g)(1)(A)(ii)-(iii): E&C and Kaplan Fox have
                                substantial expertise handling complex class actions and
                                the types of claims asserted in the CDS cases ............................ 12

                                (i)     Entwistle & Cappucci  LLP ................................................ 12

                                (ii)    Kaplan Fox & Kilsheimer LLP ......................................... 15

                        c.      Rule 23(g)(1)(A)(iv): E&C and Kaplan Fox Have and will
                                continue to commit the necessary resources to this Action ......... 17

                        d.      Additional Factors also favor the appointment of E&C and
                                Kaplan Fox as interim co-lead counsel ....................................... 18

III.    CONCLUSION .................................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

*Deangelis v. Corzine*,
    286 F.R.D. 220 (S.D.N.Y. 2012) ................................................................ 9, 17

*In re Air Cargo Shipping Servs. Antitrust Litig.,*
    240 F.R.D. 56 (E.D.N.Y. 2006) ................................................................. 9

*In re Bear Stearns Cos., Inc. Securities, Derivative and ERISA Litig.*,
    MDL No. 1963, 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009)............................... 9

**Rules**

Fed. R. Civ. P. 23(g) ......................................................................................... 5, 9

Fed. R. Civ. P. 23(g)(1)(B) .............................................................................. 10, 17

Rule 23(g)(1)(A)(i) ........................................................................................... 11

Rule 23(g)(1)(A)(ii)-(iii) .................................................................................. 12

Rule 23(g)(1)(A)(iv) ......................................................................................... 16

**Treatises**

Manual for Complex Litigation (Fourth) (2011) § 10.22 ............................................ 9

Pursuant to this Court's October 24, 2013 order regarding applications for appointment of lead plaintiff and lead counsel ("Oct. 24 Order"), Plaintiffs Value Recovery Fund LLC; Delta Institutional, LP; Delta Onshore, LP; Delta Offshore, Ltd.; Delta Pleiades, LP; and Fund Liquidation Holdings LLC (collectively, the "CDS Institutional Investor Group") respectfully request that this Court appoint the CDS Institutional Investor Group as lead plaintiff and appoint Entwistle & Cappucci LLP ("E&C") and Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as interim co-lead counsel for the proposed Class.[1]  This application is further supported by the law firms of Hagens Berman Sobol Shapiro LLP ("HBSS") and Milberg LLP.[2]

## I.    INTRODUCTION

The related actions consolidated in this case arise out of a conspiracy by some of the world's largest financial institutions to artificially raise, fix, maintain and/or stabilize the spreads associated with the purchase and/or sale of credit default swaps ("CDS"), and otherwise restrain trade in the CDS market beginning as early as January 2008, and continuing through the present. As more fully alleged in the complaints filed in this matter, the dealer-bank defendants – which collectively control more than 99 percent of the U.S. CDS market – agreed among themselves to artificially inflate and maintain the spreads paid by CDS trading participants by, among other things: (a) establishing and controlling the largest CDS central clearinghouse; (b) obstructing the ability of competitors from becoming members of that clearinghouse; (c) limiting the availability of CDS trading data; and (d) preventing the establishment of competing CDS exchange platforms.

---

[1] Capitalized terms not otherwise defined in this application have the same meanings used in Plaintiff Value Recovery Fund LLC's amended class action complaint, filed on September 23, 2013 (Dkt. No. 14, Civ. Action No. 1:13-cv-04928-DLC).

[2] HBSS and Milberg LLP support the appointment of E&C and Kaplan Fox as interim co-lead counsel and stand ready to assist in representation of the proposed Class in whatever role is either directed by the Court or, with the Court's approval, is determined by co-lead counsel to best serve the interests of the proposed Class.

The CDS Institutional Investor Group is comprised of sophisticated institutional investors that actively traded CDS during the Class Period on a variety of platforms from virtually all of the defendant banks.  The members of the CDS Institutional Investor Group allege that they, both as individual entities and a collective group, have sustained substantial damages as a result of numerous trades in the CDS market with a combined notional amount of $10.5 billion, total purchases of over $304 million and total sales of $294 million in CDS.  No prior agreements or conflicts of interest exist between the CDS Institutional Investor Group and any of the defendants and relevant non-party co-conspirators.  Moreover, these entities have already successfully prosecuted one case together involving complex financial instruments, have thoroughly vetted their choice of counsel, and have negotiated fee agreements with said counsel which are available to the Court, *in camera*, at the Court's request.  The CDS Institutional Investor Group stands ready and willing to actively manage their proposed lead counsel in this matter.

Pursuant to Federal Rule of Civil Procedure 23(g), the CDS Institutional Investor Group respectfully seeks the appointment of E&C and Kaplan Fox as interim co-lead counsel for the proposed Class in this consolidated multidistrict litigation.  E&C and Kaplan Fox's thorough investigation into defendants' wrongful conduct revealed that the underlying events giving rise to the alleged antitrust violations primarily occurred in this District.  As a result, E&C and Kaplan Fox filed the first complaint in this District and moved cooperatively with Salix Capital US, Inc. and its counsel, Quinn Emanuel Urquhart and Sullivan, LLP ("Quinn Emanuel"), before the Judicial Panel on Multidistrict Litigation ("JPML") to have all of the cases consolidated in the Southern District of New York before Your Honor.

As further detailed below, the counsel chosen by the CDS Institutional Investor Group is uniquely qualified to represent and protect the interests of the proposed Class because, among other things, E&C and Kaplan Fox:  (1) have actively investigated the alleged misconduct at issue, beginning with the first announcement that the European Commission was conducting a probe into the defendants' conduct; (2) retained an economic expert with significant experience in the CDS market to aid the continued prosecution of this action, including, among other things, the development of a damages model capable of showing the class-wide impact of defendants' collusive manipulation of the CDS market; (3) have substantial experience, both individually and collectively, as court-appointed lead or co-lead counsel in this District and others, including complex antitrust and financial-products class actions; (4) enjoy the respect of their counterparts in both the plaintiff and defense bars, government and quasi-government officials including Securities Investor Protection Act ("SIPA") bankruptcy trustees, and routinely demonstrate their ability to work collegially with co-counsel and adversaries alike; (5) are ready and able to devote the necessary resources to this case; (6) will prosecute this case with the utmost efficiency, because, among other things, both firms are headquartered in New York, just blocks away from this Court and the main offices of many of the defendants; and (7) are supported by two other firms, HBSS and Milberg LLP, which have substantial resources in New York, and one of which this Court has previously approved as Lead Counsel in another complex antitrust litigation.

For the foregoing reasons the CDS Institutional Investor Group respectfully requests the appointment of E&C and Kaplan Fox as interim co-lead class counsel in this action.

## II.     ARGUMENT

### A.     The Members Of The CDS Institutional Investor Group Are Best-Suited To Act As Lead Plaintiffs In This Case

The CDS Institutional Investor Group is unique insofar as the Group members have actively worked together in the past to successfully prosecute a complex financial litigation in the Central District of California.  *Centaur Classic Convt. Arbitrage Fund Ltd. v. Countrywide Fin. Corp. et al*, 10-cv-05699 (Ctrl. D. Ca. 2010).  The Group members have also worked cooperatively in the instant matter to select and retain counsel, including but not limited to the negotiation of a fee agreement, and have actively participated in developing the strategy of this case.

As shown in the table below, the CDS Institutional Investor Group were active participants in the purchase and sale of CDS, entering into numerous CDS transactions during the Class Period and collectively trading over $10.5 billion in notional amounts of CDS, including buying and selling over $598.4 million in CDS in those transactions:

| PLAINTIFF NAME | NOTIONAL AMOUNT OF CDS TRADED | TOTAL PURCHASES OF CDS | TOTAL SALES OF CDS |
|---|---|---|---|
| Fund Liquidation Holdings LLC as assignee for Brookville & Sonterra Funds | $ 5,407,834,204 | $ 134,026,101.32 | $ 114,654,652.28 |
| Value Recovery Fund, LLC | $ 4,966,000,000 | $ 163,728,970.05 | $ 162,939,907.55 |
| Delta Institutional, LP | $ 35,118,000 | $ 1,435,962.50 | $ 3,627,573.75 |
| Delta Onshore, LP | $ 11,533,000 | $ 469,181.25 | $ 1,192,880.00 |
| Delta Offshore, Ltd. (Master) | $ 108,086,000 | $ 3,712,935.00 | $ 9,049,823.13 |
| Delta Pleiades LP | $ 25,263,000 | $ 1,006,921.25 | $ 2,623,473.13 |
| TOTAL: | $ 10,553,834,204 | $ 304,380,071.37 | $ 294,088,309.83 |

The entities making up the CDS Institutional Investor Group are sophisticated financial institutions, whose in-house counsel and accounting personnel have been active participants in the investigation and prosecution of this case to date.  The CDS Institutional Investor Group has

no prior agreements or other conflicts with any of the defendants or any relevant non-party co-conspirators in this matter.  Moreover, the members of the CDS Institutional Investor Group have substantial experience in the CDS market and, as lead plaintiffs, will call on their deep understanding of the mechanics of the CDS market to advance the interests of the proposed Class.  That knowledge base, coupled with the significant financial interests these entities have in ensuring the efficient and successful prosecution of this action, make the CDS Institutional Investor Group best-suited among all other potential candidates to act as lead plaintiffs here.

### B.    E&C And Kaplan Fox Will Most Adequately Represent The Proposed Class And Most Efficiently Prosecute The Claims Alleged

E&C and Kaplan Fox have engaged in active discussions with the CDS Institutional Investor Group regarding this Court's preference for a streamlined and efficient leadership structure and, in particular, the appointment of one, or at most two, lead counsel firms.  Mindful of this Court's preference, the CDS Institutional Investor Group respectfully request the appointment of two firms, E&C and Kaplan Fox, as co-lead counsel.

While the majority of discovery is expected to take place in New York, the CDS Institutional Investor Group anticipates significant discovery to take place abroad.  Thus, joining the resources of two premier litigation firms will allow for a more effective prosecution of the proposed Class's claims.  Attorneys handling the discovery and briefings in this case will benefit from the combined experience and resources of two law firms and, in turn, the proposed Class will be more effectively represented.

While the underlying damage theories of this case are tied to federal antitrust laws, a key factor in this litigation will also be lead counsel's thorough understanding and knowledge of the CDS industry and related markets – attributes exemplified by E&C and Kaplan Fox as evidenced by their numerous prior appointments in financial and related cases both within and outside the

antitrust arena.  Given the success E&C and Kaplan Fox have achieved while working together in similar cases, the two firms are confident that any assignments will be efficiently distributed among the firms.

### 1.   Appointment of Interim Class Counsel Under Rule 23(g) is Appropriate

Federal Rule of Civil Procedure 23(g) provides that "the court may designate interim counsel to act on behalf of a proposed class before determining whether to certify the action as a class action."  In large proposed class actions, courts routinely appoint interim class counsel to coordinate prosecution of the case for the plaintiffs.[3]  Indeed, the Manual for Complex Litigation (Fourth) (2011) recommends that early in complex cases like this one, courts select and authorize attorneys to act on behalf of other counsel and their clients; attorneys designated as interim lead, or co-lead, counsel "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel."  Manual for Complex Litigation (Fourth) (2011) § 10.22.  Here, the complexity and size of the instant action militate in favor of appointing an interim class counsel.

### 2.   E&C and Kaplan Fox are the Most Adequate Counsel Under Rule 23(g)'s Mandatory Criteria

Rule 23(g)(1)(A) enumerates the mandatory factors that courts consider in appointing class counsel, which are regularly used to guide courts' appointments of interim class counsel.  *See, e.g., In re Bear Stearns Cos., Inc. Securities, Derivative and ERISA Litig.*, 2009 WL 50132,

---

[3] *See, e.g., Deangelis v. Corzine*, 286 F.R.D. 220, 224 (S.D.N.Y. 2012) (appointing E&C as co-lead counsel and noting the importance of the firms' "willingness to cooperatively develop a leadership structure"); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (appointing Kaplan Fox as interim co-lead counsel and noting that in cases where "multiple overlapping and duplicative class actions have been transferred to a single district," designating interim class counsel is  "essential for efficient case management").

2008 U.S. Dist. LEXIS 106327, at *1136 (S.D.N.Y. Jan. 5, 2009) (explaining that it is "generally accepted that the considerations set out in Rule 23(g)(1)(C) [sic], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification").  Rule 23(g) lists the mandatory factors as:

(i)      the work counsel has done in identifying or investigating potential claims in the action;

(ii)     counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)    counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Each of these four mandatory factors strongly supports appointment of E&C and Kaplan Fox as interim co-lead counsel for the proposed Class.  In addition, Rule 23(g)(1)(B) provides that the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  E&C and Kaplan Fox enjoy the confidence of many judges in this District both in terms of their ability to efficiently organize and administer the prosecution of complex cases and to handle the necessary complexities attendant to such litigation.  For example, Judge William Pauley recently appointed E&C together with Proskauer Rose and O'Melveny & Myers LLP as co-liaison defense counsel for the approximately 5,000 defendants in the *Tribune* note holder cases.  E&C effectively organized and ultimately obtained dismissal of these cases.  Judge Victor Marrero's appointment of E&C as co-lead counsel for the customer representatives in litigation arising from the MF Global bankruptcy also supports the instant application.  In that regard, just last week, E&C, together with the SIPA Trustee, successfully argued before Judge Pauley in favor of a settlement that assures the return of 100%

of the $1.6 billion in customer funds that were improperly diverted by the defendants in that case.

Moreover, the support that E&C and Kaplan Fox have garnered from other firms such as HBSS – which this Court appointed as interim co-lead counsel in the *Electronic Books* antitrust action – and Milberg LLP shows that other well-regarded firms in the plaintiffs' antitrust bar believe that E&C and Kaplan Fox will adequately protect the interests of the proposed Class.

> **a.    Rule 23(g)(1)(A)(i): E&C and Kaplan Fox thoroughly investigated plaintiffs' claims in this matter, actively participated in the JPML process and successfully argued for transfer of the related CDS actions to this Court**

E&C and Kaplan Fox have been investigating potential collusion in the CDS market since the first announcement that the European Commission was conducting a probe into the defendants' misconduct.  The firms' investigatory efforts involved review of relevant press reports, information regarding the U.S. and European investigations of the CDS market, and defendants' public filings; interviews with industry participants and academics; extensive legal research coupled with a thorough and objective assessment of viable potential claims; the retention of a financial expert to begin development of a preliminary class-wide damages model; and a review of reams of transactional and other trading data provided by the CDS Institutional Investor Group.  E&C and Kaplan Fox filed the first complaint in this District on July 16, 2013 and have developed additional relevant facts as part of their continuing investigation of the CDS market.

As additional CDS cases were filed, in both this District and the Northern District of Illinois, proceedings were initiated before the JPML to transfer and consolidate the related cases. Having already conducted an in-depth investigation, E&C and Kaplan Fox successfully argued that the center of gravity in this case was the Southern District of New York.  Believing that

transfer to this Court would allow for the most efficient prosecution of the related CDS cases, the two firms moved for coordination and transfer of all related actions to this District, and presented oral argument at the JMPL's September 2013 hearing.  Working cooperatively with Salix Capital US, Inc. and its counsel, Quinn Emanuel, E&C and Kaplan Fox ultimately persuaded the JPML to transfer the cases to this Court.

> **b.      Rule 23(g)(1)(A)(ii)-(iii): E&C and Kaplan Fox have substantial expertise handling complex class actions and the types of claims asserted in the CDS cases**

Both individually and collectively, E&C and Kaplan Fox are well-qualified to litigate this matter on behalf of the proposed Class.  In addition to their expertise and success in prosecuting antitrust and other class action litigation, E&C and Kaplan Fox have shown an ability to work cooperatively and collegially with other firms, both in the work they have done in developing this case and in many other complex matters.

> **(i)      Entwistle & Cappucci  LLP**

Founded in 1998, Entwistle & Cappucci LLP has extensive experience in securities and antitrust litigation, successfully prosecuting some of the largest and most complex class actions in history.  As detailed on the firm's website (www.entwistle-law.com) and in the firm's resume (attached here as Exhibit A), E&C has distinguished itself as one of the nation's premier complex litigation firms, regularly pursuing multi-jurisdictional cases against well-funded opponents, like large corporations and financial institutions.  The firm has served in a leadership capacity in some of the highest-profile litigation matters in recent years, recovering over $4 billion for its clients and other investors.

E&C's recent leadership appointments within this District include, *inter alia*: (1) *In re MF Global Holdings LTD. Investment Litigation*, MDL No. 12-2338 (VM), where E&C –

appointed co-lead counsel for the customer class – is working with the SIPA Trustee in an effort to recover all $1.6 billion in net equity lost by MF Global commodity customers; (2) *In re Tribune Company Fraudulent Conveyance Litigation*, MDL No. 11-2296 (WHP), where E&C – appointed by Judge William Pauley as co-liaison defense counsel (along with Proskauer Rose and O'Melveny & Myers LLP) for thousands of defendants nationwide – worked with co-counsel to gain dismissal of the state law constructive fraudulent conveyance claims against former shareholders who tendered shares in the Tribune Company's $8 billion leveraged-buy-out; and (3) *In re Tremont Securities Law, State Law, and Insurance Litigation*, 08-CV-11117 (TPG), where E&C – again collaborating with the SIPA Trustee – worked to structure and negotiate the resolution of the litigation, securing a $2.9 billion dollar bankruptcy claim, and an additional $100 million settlement against the other defendants.

In recent years, E&C has taken part in several antitrust class actions, including prosecuting a massive price-fixing antitrust case involving fees charged by brokers in connection with stock loans, *see In re Short Sale Antitrust Litig.*, 527 F. Supp. 2d 253 (2007), *aff'd, sub nom. Elec. Trading Grp. LLC v. Banc of Am. Sec. LLC*, 588 F.3d 128 (2009), and working together with co-lead counsel in the OTC Actions which remain in the pleadings stage. *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-md-02262 (S.D.N.Y. 2011).  The firm also has a long track record of pursuing litigation involving complex financial instruments and securities-related matters against large corporations and financial institutions.  Set forth below is a brief description of select past litigation in which E&C served in a leadership capacity and obtained significant recoveries on behalf of the respective classes:

> *In re Royal Ahold Securities Litigation,* MDL No. 03-01539 (CCB) (U.S. Dist. Ct., D. Md.) ($1.1 billion recovery): This securities class action involved a widely reported financial fraud at Dutch holding company, Royal Ahold N.V., and at its U.S. Foodservice subsidiary.  The case arose from a fraud resulting in billions of dollars in revenue and earnings restatements by the companies.  E&C acted as sole Lead Counsel representing

the Public Employees' Retirement Association of Colorado ("Colorado PERA") as Lead Plaintiff on behalf of a global class of investors in Ahold securities. The consolidated amended class action complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as well as the Securities Act of 1933. Among other things, the case required coordinated proceedings in the Netherlands and factual discovery resulting in the review of more than 15 million pages of documents produced by defendants and scores of non-parties. E&C also conducted extensive class certification briefing involving numerous experts addressing a range of foreign and domestic legal issues. The court ultimately approved a $1.1 billion partial settlement of the action, representing approximately 40% of the Firm's estimate of provable damages. The settlement is one of the largest class action settlements ever secured from a European securities issuer.

*In re BankAmerica Sec. Litig.*, MDL No. 1264 (JFN) (U.S. Dist. Ct., E.D. Mo.) ($490 million recovery): This case was brought on behalf of the shareholders of the former NationsBank Corporation and the former BankAmerica Corporation and asserted federal securities law claims arising out of the merger of the two companies in September 1998. Our Firm represented a Lead Plaintiff for the NationsBank class of investors. Lead Plaintiffs alleged that the registration statement filed in conjunction with the merger contained certain materially false and misleading statements concerning NationsBank's investment and substantial losses in a New York hedge fund. After successfully defeating motions to dismiss, E&C participated in extensive discovery, including participation in over 80 depositions, the review and analysis of hundreds of thousands of documents, negotiation of over two thousand fact stipulations, extensive motion practice on various pretrial matters, expert witness discovery, and preparation for trial. The action was settled for $490 million, representing the second largest post-PSLRA securities class action settlement at the time.

*In re DaimlerChrysler Securities Litigation,* 00-cv-0993 (JJF) (U.S. Dist. Ct., D. Del.) ($300 million settlement): E&C served as Co-Lead Counsel, representing Lead Plaintiff, the Florida State Board of Administration (the "FSBA") in this securities class action. Lead Plaintiff alleged that the November 1998 merger between Daimler-Benz and Chrysler Corporation was falsely portrayed in proxy materials as a "merger-of-equals" when, in fact, Daimler-Benz acquired Chrysler without paying a control premium to Chrysler shareholders. This action involved extensive pre-trial discovery in the United States, Germany and England, voluminous document production and analysis, and the use of translators and in-house litigation support specialists. Moreover, the damages at issue required the most complex level of financial expert discovery. E&C's efforts, which included full summary judgment submissions and pre-trial orders, resulted in a $300 million settlement – one of the largest settlements of a non-financial restatement securities fraud class action.

The E&C lawyers primarily responsible for this litigation will be led by managing partner Andrew J. Entwistle, and the firm's team will include partners Arthur V. Nealon, Robert N. Cappucci and Jonathan H. Beemer. Andrew J. Entwistle heads the firm's antitrust practice group with nearly 30 years of antitrust experience dating back to the *Mitsubishi* trilogy of antitrust

cases from the 1980s.  Mr. Entwistle has represented plaintiffs and defendants alike, in diverse fields such as zoning, construction, patent-trademark and financial products.  In the interest of brevity, the individual backgrounds of E&C's antitrust litigation team are not repeated here, but are reflected in the firm's resume, attached hereto as Exhibit A.

### (ii)   Kaplan Fox & Kilsheimer LLP

For more than 40 years, Kaplan Fox has been a leader in representing those injured by violations of antitrust law, earning widespread recognition for effective handling of competition/antitrust actions.  Headquartered in New York, Kaplan Fox is regularly chosen by courts across the nation to act as lead, or co-lead, counsel in antitrust class actions and the firm has been appointed to fulfill critical roles on the steering or executive committees of numerous antitrust actions in the last four decades.  Kaplan Fox has been involved in some of the largest and most important antitrust cases in history, litigating issues which resulted in changes in antitrust law, and collectively recovering over $1 billion for those injured by antitrust violations.[4]

Kaplan Fox's significant antitrust achievements include the following:

*In re High Fructose Corn Syrup Antitrust Litigation*, MDL No. 1087 (C.D. Ill.): Kaplan Fox was one of three co-lead counsel appointed to represent a class of direct purchasers alleging that the Archer Daniels Midland Company and a number of its competitors conspired to fix the price of high fructose corn syrup. Kaplan Fox was actively involved in all aspects of this case from its inception through the eve of trial.  In particular, after the district court granted summary judgment for the defendants, Kaplan Fox partner Greg Arenson successfully argued the case before the U.S. Court of Appeals for the Seventh Circuit, with Judge Posner writing a seminal antitrust law opinion reversing the trial court's decision. *See In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651 (7th Cir. 2002). The case later settled shortly before trial, and Kaplan Fox and its co-counsel obtained $531 million in total settlements for the class.

*In re Flat Glass Antitrust Litigation*, MDL No. 1200 (W.D. Pa.): Kaplan Fox was co-lead counsel in this antitrust action against the leading manufacturers of flat glass (used in

---

[4] Kaplan Fox is also highly experienced in other types of class action litigation, including acting as lead, or co-lead, counsel in complex securities cases such as *In re Bank of America Securities, Derivative & Employment Retirement Income Security Act (ERISA) Litigation*, 09-MD-2058 (S.D.N.Y) (PKC), where the firm and its co-counsel recently secured a landmark $2.43 billion settlement on behalf of Kaplan Fox's institutional clients and other class members.

everything from house windows to car windshields). The firm was significantly involved in all aspects of the case, including Kaplan Fox partner Robert Kaplan's successful argument before the U.S. Court of Appeals for the Third Circuit, which issued a groundbreaking summary judgment opinion that is routinely cited in antitrust cases throughout the federal courts. *See In re Flat Glass Antitrust Litig.*, 385 F.3d 350 (3d. Cir. 2004). *Flat Glass* settled shortly before trial was slated to start, and Kaplan Fox and its co-counsel recovered a total of $121 million in settlements for the class.

*In re Air Cargo Shipping Services Antitrust Litigation*, 06-md-1775 (E.D.N.Y.): Kaplan Fox has been appointed by the court as co-lead counsel for direct purchasers of air cargo shipping services in this pending antitrust class action against the world's major providers of air cargo shipping services. To date, Kaplan Fox and its co-counsel have recovered nearly $500 million in settlements for the proposed class. As co-lead counsel, Kaplan Fox is actively involved in all aspects of this complicated case, which has included extensive discovery and lengthy briefing on class certification.

The Kaplan Fox lawyers primarily responsible for this litigation will be led by partner Robert N. Kaplan, and the firm's team will include partners Richard J. Kilsheimer and Gregory K. Arenson and senior associate Matthew P. McCahill. Following a clerkship with a federal judge in the Southern District of New York, Mr. Kaplan started his legal career as a trial attorney with the Department of Justice's Antitrust Division, honing his litigation skills in a broad variety of civil and criminal antitrust matters. His public service also includes service as a local judge in Westchester County, New York, and Mr. Kaplan has long been active in the Federal Bar Council, a leading organization of lawyers practicing in federal courts throughout the Second Circuit. Mr. Kaplan – also recognized as a leader in the securities field, where he regularly represents sophisticated institutional investors in complex class and opt-out litigation – has decades of experience litigating antitrust cases. Messrs. Kilsheimer and Arenson are similarly experienced in complex antitrust litigation. Following his clerkship with the Hon. Lloyd F. McMahon, formerly Chief Judge of the Southern District of New York, Mr. Kilsheimer joined Kaplan Fox and has focused his practice almost exclusively on complex antitrust matters. Mr. Arenson – regularly sought out by co-counsel looking to capitalize on his highly-regarded grounding in economics – has decades of experience representing both plaintiffs and defendants

in complex litigation, and he currently serves as chair of the New York State Bar Association's Commercial and Federal Litigation Section.  In the interest of brevity, the full backgrounds of Kaplan Fox's antitrust litigation team are not repeated here, but are reflected in the firm's resume, attached hereto as Exhibit B, and on the firm's website (www.kaplanfox.com).

> ### c.      Rule 23(g)(1)(A)(iv): E&C and Kaplan Fox Have and will continue to commit the necessary resources to this action

E&C and Kaplan Fox have the resources necessary to litigate this action and a demonstrated history of pursuing class litigation zealously against well-funded defendants.  E&C and Kaplan Fox's resources are sufficient to ensure the retention of highly-qualified experts and consultants, the use of sophisticated software systems for analyzing electronic documents, and the commitment of investigative and attorney professionals to represent the proposed Class adequately against highly-respected defense counsel.  These two firms have already retained an economist, as well as, a consulting expert to assist in the prosecution of this case, and are willing to continue to devote similar resources as the case progresses.  As detailed in their attached firm resumes, E&C and Kaplan Fox have in the past successfully managed broad complex litigations and are well-prepared to do so here.

Furthermore, E&C and Kaplan Fox are strategically headquartered in New York.  The importance of the Southern District of New York to this case was emphasized in the JMPL's Transfer Order, with the Panel noting that "[The Southern District of New York] has a strong connection to this litigation, inasmuch as most defendants are based there, a significant number of members of the proposed classes (e.g., hedge funds, money managers, commercial banks, etc.) likely reside there, and several events giving rise to the litigation likely occurred there."  JPML Transfer Order (MDL Doc. 138).  E&C and Kaplan Fox's offices in New York will allow for the efficient prosecution of this case, especially with regard to discovery, which will undoubtedly

involve the collection of voluminous documents and the taking of numerous depositions in this District.

> **d.      Additional Factors also favor the appointment of E&C and Kaplan Fox as interim co-lead counsel**

In addition to the mandatory factors enumerated in Rule 23(g)(1)(A), "the court 'may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.'"  *Deangelis*, 286 F.R.D. at 224; *see* Fed. R. Civ. P. 23(g)(1)(B).  Here, three additional factors strongly support the appointment of E&C and Kaplan Fox as interim co-lead counsel.  First, as representatives of the CDS Institutional Investor Group – with over $10.5 billion of notional amounts of CDS trades, $304 million in total purchases and over $294 million in CDS sales during the Class Period – E&C and Kaplan Fox are keenly aware of their responsibilities to protect the significant financial interests of the Class members, who, like the firms' own clients, have a substantial stake in the successful resolution of this action and in the redress of antitrust claims impacting markets central to their business.  Second, E&C and Kaplan Fox have a history of working side-by-side to recover significant settlements on behalf of class members in the face of well-funded defendants and highly-motivated defense counsel.  Third, the support shown by HBSS and Milberg LLP (*see* HBSS and Milberg LLP's firm resumes, attached hereto as Exhibits C and D, respectively) is indicative of the respect E&C and Kaplan Fox have earned from their counterparts in the plaintiffs' bar and further assures that additional skills, expertise and resources will be available regardless of the extent and duration of this litigation.  Given their individual and joint success leading some of the largest class actions in recent history, the CDS Institutional Investor Group respectfully submits that E&C and Kaplan Fox are ideal candidates to coordinate this litigation as interim co-lead counsel on behalf of the proposed Class.

## III.    CONCLUSION

For the foregoing reasons, the CDS Institutional Investor Group respectfully request that this Court appoint Plaintiffs Value Recovery Fund LLC, Delta Institutional, LP, Delta Onshore, LP, Delta Offshore, Ltd., Delta Pleiades, LP and Fund Liquidation Holdings, LLC as lead plaintiffs, and further appoint the law firms of Entwistle & Cappucci LLP and Kaplan Fox & Kilsheimer LLP as interim co-lead counsel, to represent the proposed Class.

Dated:  November 8, 2013                       Respectfully submitted,

**ENTWISTLE & CAPPUCCI LLP**

/s/ Andrew J. Entwistle
Andrew J. Entwistle, Esq.
Vincent R. Cappucci, Esq.
Robert N. Cappucci, Esq.
280 Park Avenue, 26th Floor West
New York, NY 10017
Telephone:  (212) 894-7200

**KAPLAN FOX & KILSHEIMER LLP**

/s/ Robert N. Kaplan
Robert N. Kaplan, Esq.
Gregory K. Arenson, Esq.
Richard J. Kilsheimer, Esq.
Matthew P. McCahill, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980

Ariana J. Tadler, Esq.
Peggy J. Wedgworth, Esq.
Paul F. Novak, Esq.
**MILBERG LLP**
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 946-9453

Reed R. Kathrein, Esq.
Steve Berman, Esq.
Jason A. Zweig, Esq.
**HAGEN BERMAN SOBOL SHAPIRO LLP**
715 Hearst Ave, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

*Attorneys for the CDS Institutional Investor Group*