**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7345

WRITER'S INTERNET ADDRESS
danbrockett@quinnemanuel.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 11/9/13

November 8, 2013



VIA E-FILING

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 1610
New York, NY 10007-1312

Re:   *Salix Capital US Inc. v. Bank of America Corp.*, No. 13-cv-6116 (DLC) (GWG)
      *In re Credit Default Swap Antitrust Litig.*, No. 13-md-2476 (DLC) (GWG)

Dear Judge Cote:

We represent plaintiff Salix Capital US Inc., whose complaint in these consolidated cases was filed in August 2013. We write to inform the Court that yesterday, on the eve of filing of lead counsel applications, defendant International Swaps and Derivatives Association ("ISDA") for the first time raised the possibility of an ethical conflict with Quinn Emanuel's representation in this matter. Enclosed herein as Exhibit A is a copy of ISDA's letter.

ISDA's demand is based on the fact that Dan Cunningham has been a partner at Quinn Emanuel since July 2009. During that time, however, Mr. Cunningham has performed *no* work for ISDA. Rather, the purported conflict is based on allegations that, *while at his prior firm* (Allen & Overy) *over four years ago*, Mr. Cunningham represented ISDA.

But this cannot be grounds for disqualification because from the very outset, in an abundance of caution, Mr. Cunningham was "walled off" from this matter using strict ethical screening procedures. Mr. Cunningham is prohibited from discussing this case with anyone in the firm. Likewise, everyone in the firm is prohibited from inquiring of Mr. Cunningham about this case. Nor can Mr. Cunningham bring any ISDA documents to the firm, nor access any case-related materials while at the firm. We are prepared to submit affidavits to confirm that the wall was immediately put in place long ago, and has been and will be respected throughout our involvement.

Honorable Denise L. Cote.                    2                    November 8, 2013

ISDA does not even address the possibility of a wall. But its letter suggests it may later argue that such procedures are ineffective because Mr. Cunningham's prior work "involved facts central to this case." Letter at 3. That is not the test for disqualification. *See American Int'l Grp. v. Bank of America Corp.*, 827 F. Supp. 2d 341 (S.D.N.Y. 2011) (denying motion to disqualify even where partner allegedly worked on the same exact matter, and allegedly was not subject to immediate firewall, where no "significant risk of trial taint").

But ISDA's rhetoric does not match the facts, either. ISDA's only attempt to tie Mr. Cunningham's work to this case is to refer to alleged work on "licensing issues" with respect to "Eurex." Letter at 4. However, "Eurex" is an incredibly broad term that could refer to many products, services, and entities unrelated to this case.[1] Notably, ISDA makes no mention of work on *credit default swap information*, let alone any decision to withhold such information as part of the alleged conspiracy. And it makes no mention of work on Eurex *Credit Clear*—the actual entity referenced in the complaint as having been denied access. *See* Am. Compl. ¶ 134. There are likely many other degrees of separation hiding behind ISDA's assertions about "licensing" "information" to "Eurex," generally. For his part, Mr. Cunningham is prepared to submit an affidavit swearing that he never advised ISDA on any issue related to this case.

As the Court knows, disqualification motions are often used as tactical weapons. Here, if ISDA was truly concerned about the alleged conflict, it would have called Quinn Emanuel to discuss the issue months ago. Instead, it sent an all-counsel letter just before lead-counsel applications are due. That defense counsel resorted to such tactics merely confirms that Quinn Emanuel well-deserved its recent recognition—earned through many victories and its in-depth experience—as one of *four firms* in-house counsel fear the most.[2]

The Court should reject the attempt to sway its analysis of Quinn Emanuel's lead counsel motion. We thus ask the Court to order ISDA to bring any motion to disqualify by November 15, to provide Quinn Emanuel until November 25 to file an opposition, and to set the hearing on any such motion preferably before, but no later than, the December 5 lead-counsel hearing.

*[Handwritten note: Any motion to disqualify Quinn Emanuel in any of these actions must be filed by 11/15; opps. Xxx is due 11/25; reply is due 11/27. /s/ Denise Cote 11/9/13]*

---

[1] *See generally, e.g.*, http://www.eurexchange.com/exchange-en/products/ (referring to "extensive range of products" including among other things interest rate derivatives, inflation derivatives, dividend derivatives, volatility index derivatives, weather derivatives, and property derivatives).

[2] We note that ISDA's letter has already had one of its intended effects. Until last night, we understood our application for lead counsel was going to be supported by virtually every firm in the case. However, after ISDA's letter was circulated, firms informed us they would reluctantly have to go in a different direction.

Honorable Denise L. Cote.                    3                      November 8, 2013

Respectfully submitted,

*/s/ Daniel L. Brockett*

Daniel L. Brockett

cc:   Counsel of Record (by e-mail)